**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DAYRON CRUZ VEGA,

        *Petitioner*,

v.                                Case No. 3:26-cv-1575-WWB-SJH

UNITED STATES ATTORNEY
GENERAL, et al.,

        *Respondents.*

_____

## ORDER

Petitioner initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1).  Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at the Baker County Detention Center.  (*Id.*).  According to Petitioner, ICE took him into custody on December 4, 2025, and his prolonged detention has violated his due process rights seemingly under the purviews of *Zadvydas v. Davis*, 533 U.S. 678 (2001).  (*Id.* at 6).  He also appears to contend that his detention is punitive, and he is entitled to release on bond.  (*Id.* at 6–7).

In *Zadvydas*, 533 U.S. at 690, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns.  Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time.  *Id.* at 701.  The Court also concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation.  *Id.*  "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

The "removal period" begins on the latest of three dates: (1) the date on which the order of removal becomes administratively final; (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."  *See* 8 U.S.C. § 1231(a)(1)(B); *see also* 8 C.F.R. § 1241.1(a)–(f) (outlining the procedural circumstances that render a removal order final).  The Attorney General must detain an alien during his removal period.  *See* 8 U.S.C. § 1231(a)(2).

Here, according to the Executive Office for Immigration Review ("**EOIR**"), an immigration judge ordered Petitioner removed on April 21, 2026, and Petitioner appeal the order on May 4, 2026.  *See* EOIR, Automated Case Information, available at www.acis.eoir.gov (last visited June 17, 2026).  Because Petitioner's appeal is still pending, his removal period has not yet begun and Petitioner's request for relief under *Zadvydas* is premature.  *See, e.g.*, *Farah v. United States Att'y Gen.*, 12 F.4th 1312, 1332 (11th Cir. 2021) (finding that the petitioner's removal period had not started because the Eleventh Circuit stayed the removal pending judicial review and it had not yet issued its final order).  And "[d]etention during removal proceedings is a constitutionally permissible part of the process." *Demore v. Kim*, 538 U.S. 510, 531 (2003).

Also, to the extent Petitioner seeks to raise a freestanding due process claim, the Court notes that when the Supreme Court confronted the constitutional perils of indefinite immigration detention in *Zadvydas*, it did not instruct lower courts to start weighing the process afforded to the detainee.  It set a timer.  For the first six months, detention is presumptively reasonable.  *Zadvydas*, 533 U.S. at 701.  So, until that timer goes off,

2

*Zadvydas* itself seemingly supplies the constitutional metric.  *Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020).  "In other words, the *Zadvydas* standard is due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation."  *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024).  Thus, any independent due process claim lacks merit.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.  This case is **DISMISSED without prejudice**.

2.  The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on July 6, 2026.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:    Dayron Cruz Vega, A220442549

3